UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-61241-RUIZ/STRAUSS

APRIL HICKS,

      Plaintiff,

v.

THE UNITED STATES OF AMERICA, *et al.*,

      Defendants.

_____/

## DISCOVERY PROCEDURES ORDER

THIS CAUSE is before the Court upon the referral of all discovery matters in this case by the

Honorable Rodolfo A. Ruiz II, United States District Judge, pursuant to 28 U.S.C. § 636.  The parties

are encouraged to carefully review this Order.  Failure to comply with any part of this Order may result

in the imposition of sanctions upon the parties and/or counsel.  It is hereby

**ORDERED AND ADJUDGED** that the parties shall follow the following discovery

procedures in this case:

### I.      DISCOVERY OBJECTIONS

#### A.      Rule 26(b)(1) - Relevance and Proportionality

Federal Rule of Civil Procedure 26(b)(1), as amended on December 1, 2015, defines the

scope of permissible discovery:

> Unless otherwise limited by court order, the scope of discovery is as follows:
> Parties may obtain discovery regarding any nonprivileged matter that is
> **relevant** to any party's claim or defense and **proportional to the needs of the
> case**, considering the importance of the issues at stake in the action, the amount
> in controversy, the parties' relative access to relevant information, the parties'
> resources, the importance of the discovery in resolving the issues, and whether
> the burden or expense of the proposed discovery outweighs its likely benefit.
> Information within the scope of discovery need not be admissible in evidence
> to be discoverable.

1

Therefore, an objection that a discovery request is not reasonably calculated to lead to admissible evidence is based upon an outdated discovery standard.  Such an objection is meaningless and will be found meritless by this Court.  An objection based on relevance or proportionality must include a specific explanation describing why the request lacks relevance and/or why the requested discovery is disproportionate in light of the factors listed in Rule 26(b)(1).

  **B.**  <u>Specific Objections</u>

All objections to discovery requests must be specific.  The parties shall not make generalized, vague, or boilerplate objections.  Nonspecific objections do not comply with the Federal Rules of Civil Procedure or the Local Rules and will not be sustained by this Court.  *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."); Fed. R. Civ. P. 34(b)(2)(B) ("For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." (emphasis added)); S.D. Fla. L.R. 26.1.

  **C.**  <u>Vague, Overbroad, and Unduly Burdensome</u>

Objections that state that a discovery request is "vague, overbroad, or unduly burdensome" are, standing alone, meaningless, and will be stricken by this Court.  If a party believes that a request or a term is vague, that party shall attempt to obtain clarification from opposing counsel **prior to objecting** on vagueness grounds.

An objection that a discovery request is "overbroad," without stating more, is ambiguous. If the objecting party asserts that the request seeks materials that are not relevant, the objection should say so.  Alternatively, if the objector asserts that the request seeks materials that are relevant but excessive or cumulative, the objection should state that the request is

disproportionate.

If a party believes a discovery request seeks irrelevant information, is disproportionate, or is unduly burdensome, that party shall confer in good faith with opposing counsel to narrow the scope of the request **before asserting these objections**.  The objecting party nevertheless shall respond as to those matters for which the scope or burden is not contested.  For example, if there is an objection based upon the scope of the request, such as time frame or geographic location, discovery should be provided as to the time period or locations that are not disputed.  Thus, if discovery is sought nationwide for a ten-year period, and the responding party objects on the grounds that only a five-year period limited to activities in the State of Florida is appropriate, the responding party shall provide responsive discovery falling within the five-year period as to the State of Florida.

A party objecting on any of these grounds must explain the specific and particular way in which a request is vague, seeks irrelevant information, is disproportionate, or is unduly burdensome. *See* Fed. R. Civ. P. 33(b)(4) and 34(b)(2)(B); *See also Democratic Republic of Congo v. Air Capital Grp., LLC*, No. 12-CIV-20607, 2018 WL 324976, at *3 (S.D. Fla. Jan. 8, 2018) (quoting *Sallah v. Worldwide Clearing LLC,* 855 F. Supp. 2d 1364, 1376 (S.D. Fla. 2012) ("A party objecting on these grounds must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome. In addition, claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome.").  Unless impractical, an objection that ESI discovery based on proposed search terms is unduly burdensome should be supported by evidence of the expected number of hits.

## II.    PROCEDURES FOR DISCOVERY DISPUTES

### A.    Conferral

If a discovery dispute arises, counsel must confer by actually speaking to one another (in person or via telephone) and engage in a genuine effort to resolve the discovery dispute before seeking Court intervention.  Conferring via email or text message is not sufficient.  The Court expects all parties to engage in reasonable compromise to facilitate the resolution of discovery disputes.  As part of their conferral, the parties should specifically discuss each discovery request and objection at issue.

### B.    Hearing Procedures

If, after conferring, the parties are unable to resolve their discovery dispute without Court intervention, the Court may set the matter for a hearing pursuant to the following procedures. **No written discovery motions shall be filed unless specifically authorized by Order.**[1]

The moving party may request a discovery hearing by sending an email to strauss@flsd.uscourts.gov; the movant must make this request within **14 days** after the grounds for relief occur.[2]  The subject line of the email shall be "Request for Discovery Hearing," followed by the case number.  The email shall **briefly describe (in one or two sentences)** the nature of the discovery dispute (*e.g.*, the type of discovery at issue and the number of requests at

---

[1] This procedure does not apply to motions or objections related to non-party subpoenas.  Motions related to non-party subpoenas, and responses thereto, however, must be limited to 5 pages or less (double-spaced).  Additionally, no replies to such motions and responses may be filed absent separate Court order.  In the event any discovery disputes arise with non-parties, the party seeking the discovery shall provide a copy of this Order to the non-party.

[2] Generally, grounds for a motion to compel (assuming the motion is meritorious) would occur upon the service of objections to a discovery request.  Provided that grounds for relief occur at least 2 months before the discovery cutoff, the parties may, by agreement (and without asking the Court), extend the 14-day deadline to request a discovery hearing an additional 14 days (for a total of 28 days) if the parties believe that they will be able to further narrow (or resolve) the issues through further conferral.

4

issue), shall briefly describe the efforts made to confer, shall provide the Court with at least three alternative dates and times within the ensuing two weeks that both counsel are available for a hearing (preferably on a Monday, Wednesday, or Friday), and shall state the amount of time that the parties anticipate needing for the hearing.  The email **shall not include argument** for the moving party's position.  The email shall be **copied to all counsel** and shall certify that the moving party has conferred with opposing counsel and **confirmed opposing counsel's availability on the proposed dates**.  The Court will then enter an order setting the hearing and/or provide further instructions.  **Counsel are required to appear in person at any discovery hearing unless otherwise excused by the Court.**

Where there has been a complete failure to respond to discovery by a firm, reasonable deadline, and where counsel has made good faith efforts (without success) to obtain that discovery, counsel need not obtain agreed upon dates from opposing counsel nor provide the joint discovery status report described below.  Rather, the moving party shall so inform the Court of the issue by email **copied to all counsel**, clearly identify the discovery at issue (*e.g.*, Plaintiff's First Request for Production) and the deadline by which production was due, and provide three dates and times when the moving party is available for a hearing (preferably on a Monday, Wednesday, or Friday). The Court will set the matter for hearing.  The Court will cancel said hearing upon notice from the moving party that the discovery at issue has been produced.

### C.  <u>Joint Discovery Status Report</u>

Unless the Court sets a different timeframe in its order scheduling a discovery hearing, **at least 48 hours** prior to the scheduled hearing, the parties shall confer and file a joint discovery status report.  The parties shall also email a courtesy copy of the joint discovery status report to the Court in Word format.  The joint discovery status report shall set forth, for each unresolved

discovery dispute, (1) the verbatim request; (2) the verbatim response; (3) a succinct summary of each party's position (not a memorandum of law); and (4) the result of the parties' meet and confer.  The parties may group the discovery requests by issue, as appropriate.  The information must be presented in chart form as set forth below.  The parties must state their combined positions for a given request/issue **on no more than one page.**

| Request No. [  ]: [VERBATIM REQUEST]<br><br>Response:        [VERBATIM  RESPONSE] | | |
| --- | --- | --- |
| Movant's Position: | Opponent's Position: | [LEAVE BLANK FOR COURT USE] |

Even after the Court has set a hearing, the parties shall continue to make every effort to resolve their discovery disputes, or portions of those disputes, prior to the hearing.  The parties shall contact the undersigned's chambers by email as soon as possible prior to the hearing if the parties have resolved, or narrowed, any of the disputes at issue.

### D.     Payment of Attorneys' Fees and Costs or Imposition of Other Sanctions

The Court will construe arguments made at a discovery hearing as *ore tenus* motions to compel or for a protective order and, where warranted, will require payment of the prevailing party's reasonable attorneys' fees and costs incurred in making or defending against the motion, under Fed. R. Civ. P. 37(a)(5).  The Court may also impose sanctions, monetary or otherwise, if the Court determines discovery is being improperly sought or is being withheld in bad faith or

without substantial justification.  *See* Fed. R. Civ. P. 37.

     **E.**     **Encouraging Participation by Less-Experienced Lawyers**

Ordinarily, only one lawyer for each party may argue at the discovery hearing. Nevertheless, the Court has a strong commitment to supporting the development of our next generation of lawyers. The Court encourages parties and senior attorneys to allow less-experienced practitioners the opportunity to argue in court.  A party should advise the Court prior to the beginning of the hearing if a lawyer of 5 or fewer years of experience will be arguing the matter. In that event, the Court will allow multiple lawyers to argue on behalf of that party.

     **III.**     **STIPULATED ORDERS**

When the parties have stipulated to the entry of an order, such as a stipulated confidentiality order, the parties shall not file a motion for entry of the stipulated order. Instead, counsel shall send an email, copying all opposing counsel, to strauss@flsd.uscourts.gov, attaching a copy of the proposed stipulated order in Word format, with a statement that the parties have agreed to entry of the proposed order.

     **DONE AND ORDERED** in Fort Lauderdale, Florida, this 26th day of January 2021.

                             **Jared M. Strauss**
                             **United States Magistrate Judge**

Copies to counsel of record via CM/ECF