IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-61241-RUIZ

APRIL HICKS,

    Plaintiff,

v.

THE UNITED STATES OF AMERICA,

    Defendant.

THE UNITED STATES OF AMERICA,

    Counterclaim Plaintiff,

v.

APRIL HICKS,

    Counterclaim Defendant

**COUNTERCLAIM DEFENDANT APRIL HICKS ANSWER AND
AFFIRMATIVE DEFENSES TO DEFENDANT,
<u>UNITED STATES OF AMERICA'S COUNTERCLAIM TO COMPLAINT</u>**

    Plaintiff/Counterclaim Defendant, APRIL HICKS ("Counterclaim Defendant"), submits the following Answer and Affirmative Defenses to Counterclaim by Defendant UNITED STATES of AMERICA ("USA", and states as follows:

    1.    Counterclaim Defendant APRIL HICKS admits in Paragraph 1 that the Court has jurisdiction over the Counterclaim pursuant to 28 U.S.C. 1345.

    2.    Counterclaim Defendant APRIL HICKS is without knowledge and therefore denies the allegations contained in Paragraph 2.

3. Counterclaim Defendant APRIL HICKS admits the allegations contained in Paragraph 3.

4. Counterclaim Defendant APRIL HICKS admits that the USA is now the counterclaim Plaintiff contained in Paragraph 4.

5. Counterclaim Defendant APRIL HICKS admits the allegations in Paragraph 5.

6. Counterclaim Defendant APRIL HICKS admits the allegations in Paragraph 6.

7. Counterclaim Defendant APRIL HICKS denies Paragraph 7.

8. Counterclaim Defendant APRIL HICKS denies Paragraph 8.

9. Counterclaim Defendant APRIL HICKS admits in Paragraph 9 that Tyrone Eugene Hilton was in USA's vehicle at the time of the impact with APRIL HICKS. However, Counterclaim Defendant APRIL HICKS denies that she is liable for, or caused, the collision.

10. Counterclaim Defendant APRIL HICKS is without knowledge as phrased and therefore denies the allegations contained in Paragraph 10.

11. Counterclaim Defendant APRIL HICKS is without knowledge and therefore denies the allegations contained in Paragraph 11.

12. Counterclaim Defendant APRIL HICKS is without knowledge and therefore denies the allegations contained in Paragraph 12.

### COUNT I- NEGLIGENCE

13. Counterclaim Defendant APRIL HICKS re-alleges and adopts all answers contained in Paragraphs 1 through 12 as though fully set forth herein.

14. Counterclaim Defendant APRIL HICKS admits that drivers in Florida have a duty to operate their motor vehicle in a reasonably safe manner. Except as expressly admitted herein, the remaining allegations of Paragraph 14 are denied.

15. Counterclaim Defendant APRIL HICKS denies Paragraph 15 and demands strict proof thereof.

16. Counterclaim Defendant APRIL HICKS denies Paragraph 16 and demands strict proof thereof.

17. Counterclaim Defendant APRIL HICKS denies Paragraph 17 and demands strict proof thereof.

18. Counterclaim Defendant APRIL HICKS denies in Paragraph 18 that she was negligent. Except as expressly denied herein, the Counterclaim Defendant APRIL HICKS is without knowledge of the remaining allegations of Paragraph 18 and are therefore denied.

## **AFFIRMATIVE DEFENSES**

1. For her first affirmative defense, this Counterclaim Defendant affirmatively states that the Counterclaim Plaintiff's actions or inactions may have caused or contributed to causing the subject accident as well as its claimed/alleged damages. This Counterclaim Defendant affirmatively states that the Counterclaims Plaintiff's actions/inactions may include but are not limited to: (a) USA's failure to use reasonable care in the operation of its vehicle that was driving at the time of the crash; (b) USA's failure to appreciate and maintain awareness of the traffic conditions; (c) USA's failure to take proper precautions to avoid the crash. Therefore, this Counterclaim Defendant affirmatively states that the Counterclaim Plaintiff's damages should be reduced or barred by its percentage of fault.

2. For her second affirmative defense, this Counterclaim Defendant affirmatively states that if some or all of Counterclaim Plaintiff's damages have been paid by collateral sources of indemnity, or are payable, Counterclaim Plaintiff is not entitled to duplicate recovery of these amounts.

3.      For her third affirmative defense, this Counterclaim Defendant affirmatively states that the Counterclaim Plaintiff had a duty to mitigate its damages and that by its acts or omissions, it has breached that duty, which has caused and/or contributed to the damages complained of. Any damages attributable to said failure to mitigate its damages must be reduced from any recovery against this Counterclaim Defendant.

4.      For her fourth affirmative defense, this Counterclaim Defendant affirmatively states that the Counterclaim Plaintiff's claimed damages, included its alleged employee injuries, in whole or in part, pre-existed this cause of action and were neither caused, nor exacerbated by the alleged crash.

5.      For her fifth affirmative defense, this Counterclaim Defendant affirmatively states that the Counterclaim Plaintiff's claimed damages, in whole or in part, were caused and/or exacerbated by a subsequent accident.

6.      For her sixth affirmative defense, this Counterclaim Defendant affirmatively states that the Counterclaim Plaintiff is not entitled to medical damages because it is not alleged to have suffered said damages, nor is the Counterclaim Plaintiff, nor its employees entitled to pain and suffering damages as it/they did not sustain a permanent injury as a result of the subject crash.

7.      For her seventh affirmative defense, this Counterclaim Defendant affirmatively states that the Counterclaim Plaintiff is not entitled to recover medical bills and other expenses for which the Counterclaim Plaintiff is not indebted and/or not alleged. *Goble v. Frohman*, 901 So.2d 830 (Fla. 2005); *Thyssenkrupp Elevator Corp. v. Lasky*, 868 So.2d 574 (Fla. 4th DCA 2003).

8.      For her eighth affirmative defense, this Counterclaim Defendant affirmatively states that Counterclaim Plaintiff is not entitled to recover medical bills or other expenses which are not reasonable, necessary, and related to the subject crash and/or are not alleged. *State Farm*

*Mutual Auto Insurance v. Bowling*, 81 So.3d 538 (Fla. 2d DCA 2012); *Albertson's Inc., v. Brady*, 475 So.2d 986 (Fla. 2d DCA 1985).

9. For her ninth affirmative defense, this Counterclaim Defendant affirmatively states that the Counterclaim Plaintiff's claimed damages and/or injuries, in whole or in part, were not causally related to the alleged crash.

Dated: January 28, 2021

Respectfully submitted,

By: s/Matthew Sean Tucker
Matthew Sean Tucker
Florida Bar No. 90047
Tucker Law
200 SE 6TH Street, Suite 405
Fort Lauderdale, FL 33301
Telephone: (954) 204-0444
Facsimile: (954) 358-4946
Matt@TuckerUp.com
*Attorney for Plaintiff(s)*

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: s/Matthew Sean Tucker

**Service List:**

Monica L. Haddad Forbes
Assistant United States Attorney
Florida Bar No. 99426
Email: Monica.Forbes@usdoj.gov
U.S. Attorney's Office, Southern District of Florida
500 S. Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Telephone: (561) 209-1004
Attorney for Defendant United States of America