UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-61241-RUIZ/STRAUSS

**APRIL HICKS**,

    Plaintiff,

v.

**THE UNITED STATES OF AMERICA,** *et al.*,

    Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DEPOSITION AND COORDINATION OF THE SAME

**THIS CAUSE** is before me upon Plaintiff's Motion to Compel Deposition and Coordination of the Same ("Motion to Compel"). (DE 32). The District Court has referred to me for disposition all discovery matters pursuant to 28 U.S.C. § 636. (DE 21). Having reviewed the record and the Motion, and being fully advised in the premises, Plaintiff's Motion to Compel is **DENIED** for the reasons stated herein.

On August 10, 2021, Plaintiff filed the instant Motion to Compel seeking to compel Defendant's employee, George Hardy, the sole safety captain for the United States Parcel Service ("USPS") at the location relevant in this case, to appear for a deposition within forty-five days and seeking an order directing Defendant's counsel to coordinate deposition dates with Plaintiff's counsel. (DE 32). Plaintiff alleges that she requested the subject deposition on July 15, 2021. *Id.* at ¶1. Plaintiff also alleges that Defendant's counsel advised her that she would request dates from USPS and get back with Plaintiff's counsel. *Id.* at ¶3. Further, Plaintiff avers that, on July 27, 2021 at 10:07 AM, Defendant refused to agree to coordinate the deposition. *Id.* at ¶4.

"The Federal Rules of Civil Procedure and the Local Rules govern the scheduling of depositions, as well as the imposition of sanctions for failure to attend depositions." *B&D Nutritional*

1

*Ingredients, Inc. v. Unique Bio Ingredients, LLC*, No. 16-62364-CIV, 2017 WL 8751754, at *1 (S.D. Fla. Feb. 13, 2017).  In particular, Local Rule 26.1(h) details procedures for taking party depositions, which include providing reasonable notice.  *See* S.D. Fla. L.R. 26.1(h).  "While a party noticing a deposition should certainly attempt in good faith to coordinate deposition dates in advance, as it is unprofessional to do otherwise, such coordination is not required under the Federal Rules of Civil Procedure."  *Inspirations Nevada LLC v. Med Pro Billing, Inc.*, No. 20-CV-60268, 2020 WL 6581602, at *2 (S.D. Fla. Nov. 10, 2020) (presuming that depositions are noticed).

Plaintiff's Motion is due to be denied for two reasons.  First, the Motion to Compel was filed in contravention of the Court's Scheduling Order, which states that "[t]he parties shall not file any written discovery motions . . . [r]ather the parties shall follow Judge Strauss's Discovery Procedures Order to schedule the matter for a hearing."  (DE 21 at 3).  The Discovery Procedures Order likewise states that "[n]o written discovery motions shall be filed unless specifically authorized by Order."  (DE 22 at 4).

Second, Plaintiff's Motion to Compel does not indicate that Plaintiff noticed the subject deposition and the deponent refused to appear.  Instead, Plaintiff seeks to compel Defendant to cooperate in scheduling a date for the deposition and to compel Defendant's employee to appear for the (as-yet-unnoticed) deposition.  The Court certainly appreciates Plaintiff's efforts to coordinate deposition dates in an attempt to act professionally and minimize conflict.  However, absent receiving such cooperation, it is a party's responsibility to ensure that any depositions it requires are set within the allotted discovery period.  Per Plaintiff's Motion, she learned that Defendant would not cooperate in coordinating the desired deposition two weeks ago.  Yet, Plaintiff waited until 5:35 PM on the day discovery closed[1] to file her Motion to Compel and by that motion seeks to have the Court compel a deposition to occur after the discovery deadline.  Indeed, Plaintiff asks for the Court to compel a

---

[1] The Scheduling Order in this case set a discovery deadline of August 10, 2021.  (DE 21).

deposition "within forty-five days," a period within which the parties must have filed all pre-trial motions (August 24, 2021) and must have submitted a joint pre-trial stipulation and proposed findings of fact and conclusions of law (September 21, 2021).  Additionally, Plaintiff has had several months to conduct discovery and offers no explanation for why she did not pursue taking the subject deposition sooner nor does she provide any reason for seeking to compel the subject deposition at the eleventh hour, especially in light of seemingly not having noticed such deposition.  Therefore, aside from contravening the Court's orders to not file written discovery motions, Plaintiff fails to provide any substantive grounds for the Court to grant the requested relief.

Accordingly, for the above reasons, it is hereby

**ORDERED AND ADJUDGED** that the Motion to Compel (DE 32) is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 11th day of August 2021.

*[signature]*
Jared M. Strauss
United States Magistrate Judge