UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:20-cv-61241-RUIZ

APRIL HICKS,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

**DEFENDANT UNITED STATES OF AMERICA'S**
**REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant, United States of America, by and through the undersigned Assistant United States Attorney, and pursuant to Rule 56 and Local Rule 56.1, files this Reply in Support of its Motion for Summary Judgment [D.E. 34] (the "MSJ"), and in support, Defendant states as follows:

**I.    PLAINTIFF'S PROCEDURAL DEFECTS IN RESPONSE**

Plaintiff's Response in Opposition to the MSJ [D.E. 41] (the "Response") and her corresponding Statement of Material Facts [D.E. 40] (the "Response SMF") do not create an issue of material fact sufficient to defeat Defendant's MSJ, on both Plaintiff's claim and Defendant's Counterclaim.[1]  Additionally, Plaintiff does not overcome Defendant's legal arguments.  Thus, Defendant respectfully submits that the Court should grant judgment in its favor.

---

[1] Furthermore, as Plaintiff fails to rebut or address in her Response Defendant's arguments in the MSJ regarding Defendant's Counterclaim, the Court may therefore deem that Plaintiff abandoned such opposition.  *See, e.g., Everest Indemnity Insurance Co. v. Portfino Towers Condo. Ass'n., Inc.*, Case No. 18-cv-24644, 2019 WL 801446, at *1 (S.D. Fla. July 26, 2019) (Altonaga, J.) (quoting *Hudson v. Norfolk S. Ry. Co.*, 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001) (finding that defendant is entitled to summary judgment on all counts of plaintiff's complaint) (citing *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) for the proposition that "[w]hen a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned")).

In response to many of the facts asserted by Defendant it its SMF, Plaintiff merely states that these facts are "disputed" or "disputed as unknown" without any elaboration or citations to the record. This is a violation of both the Federal Rules of Civil Procedure as well as the Local Rules of the Southern District of Florida. Second, many of Plaintiff's "additional facts" are unnecessary as they are simply disputed and irrelevant as expected by the rules on summary judgment motions.

Specifically, Rule 56 of the Federal Rules of Civil Procedure requires that "[a] party asserting that a fact cannot be *or is genuinely disputed* must support the assertion by: citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)-(B) (emphasis added).  Likewise, the plain language of Local Rule 56.1 requires both the movant and non-movant to support their factual statements with "specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits." S.D. Fla. L.R. 56.1(a)(2); *see also* S.D. Fla. L.R. 56.1(b)(2) ("If an opponent's Statement of Material Facts disputes a fact in the movant's Statement of Material Facts, then the evidentiary citations supporting the opponent's position must be limited to evidence specific to that particular dispute."); S.D. Fla. L.R. 56.1(b)(3) (noting that the movant may respond to a non-movant's additional facts, "if disputed, [by] citing to particular parts of materials in the record in the same manner as required by subsections (b)(1) and(b)(2).").  "The local rule is unambiguous: it requires specific references to record evidence in the statement of undisputed facts or the opposition to that statement (i.e., a *de facto* statement of disputed facts)." *Katchmore Luhrs, LLC v. Allianz Glob. Corp. & Specialty*, No. 15-23420, 2017 WL 432671, at *2-3 (S.D. Fla. Jan. 31, 2017) (explaining that a non-movant's summary judgment opposition violated the Local Rule

where it "merely listed which paragraphs it disputes" and "did not explain why—and it surely did not include specific references to record evidence (such as deposition testimony or interrogatory answers).").

"Plaintiff's failure to comply with the Local Rules essentially leaves the Court with 'the functional analog of an unopposed motion for summary judgment.'" *Lugo v. Carnival Corp.*, 154 F. Supp. 3d 1341, 1343 (S.D. Fla. 2015) (quoting *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008)). Here, the Court should deem admitted the facts submitted by Defendant that Plaintiff failed to properly rebut. *State Farm Mut. Auto. Ins. Co. v. Health and Wellness Servs., Inc.*, 446 F. Supp. 3d 1032, 1044 (S.D. Fla. 2020) (deeming facts admitted where the non-movant's "attempts to dispute [the movant]'s allegations [] failed to cite to the record at all"). Specifically, this would mean Defendant's facts in the USA SMF ¶¶ 10, 12, 14 are admitted. *See* L.R. 56.1(c) ("Effect of Failure to Controvert Undisputed Facts.") Plaintiff also attempted to claim "disputed-in-part" in response to facts in USA's SMF ¶¶ 18, 21, 22, 26, 30, even though such a response is not permitted by Local Rule. *See* Response SMF ¶¶ 18, 21, 22, 26, 30. Although these facts are deemed admitted, however, the "[C]ourt must still review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009). Defendant submits that the citations it provides to support its facts establish that these facts are not in dispute. In particular, the Court may note as undisputed the amount of damages sustained by Defendant as it relates to its Counterclaim concerning the damage to the USPS truck. *See* USA SMF ¶ 14, Response SMF ¶ 14.

Next, as outlined in Defendant's Reply to the Response SMF [D.E. 44], Plaintiff asserts 45 "additional facts," many of which are completely irrelevant and none of which preclude summary

3

judgment in favor of Defendant.[2]  For example, Plaintiff seemingly attempts to argue that Mr. Hilton, the USPS driver, was inexperienced and in a hurry on the day of the accident, and that he is lying to protect his job. *See* D.E. 44, Reply to the Response SMF ¶¶ 41-44; 56.  She also attempts to present as undisputed fact that Mr. Hilton was making a U-turn in order to deliver his next package. *See* D.E. 44, Reply to the Response SMF ¶¶ 45-53.  However, the record belies Plaintiff's attempts to create issues of material fact.  Furthermore, Plaintiff's back-door attempt to assert a *Daubert* challenge of Dr. Rentschler, Defendant's accident reconstruction expert whose testimony and opinions as to how the accident occurred are unrebutted, is also supported by review of the record evidence. *See* D.E. 44, Reply to the Response SMF ¶¶ 63-80.

As Plaintiff has failed to overcome her burden with summary judgment evidence as required by Rule 56(c), Defendant's MSJ must be granted.

## II. SUMMARY OF PLAINTIFF'S COUNTERARGUMENT AND WHY IT FAILS

In addition to completely failing to distinguish her case from that of *Scott v. Harris*, 550 U.S. 372 (2007) as set forth in Defendant's MSJ, Plaintiff has made apparent that she wishes to create an issue of "material fact" based on her own testimony. *See* Response.  Plaintiff also appears to go further, discounting her own intelligence in hopes that by abandoning her prior sworn

---

[2] Plaintiff also appears to confuse the standard she faces and make her own (belated) cross-claim for summary judgment in her favor, rather than countering Defendant's MSJ.  *See* Response at p.3 (Court "should-find that Mr. Hilton made a U-turn in front of [Plaintiff] …").  And to that end, she creates unsupported contingencies of dangerous alternative scenarios she wishes the Court to find. *See id.* ("pulled safely into the customer's driveway" or "responsible for leaving his vehicle parked in the bike lane, instead of in the driveway….").  These must be ignored as Plaintiff did not timely file her own summary judgment motion by the deadline set forth in the Court's scheduling order, and provides no explanation for why such an untimely motion should be considered.  *See, e.g., Pollo Campestre, S.A. de C.V. v. Campero, Inc.,* No. 19-20001-CIV, 2019 WL 3752575, at *3 (S.D. Fla. Aug. 8, 2019) (rejecting untimely response to summary judgment motion when no leave of court sought and no explanation for late filing offered).

testimony of how the Accident happened, she may defeat summary judgment in favor of Defendant. She fails on both fronts, and nothing Plaintiff has asserted in her Response precludes judgment in favor of Defendant.

In her Response, Plaintiff attempts to recant her prior testimony concerning how the accident occurred based on the word "perpendicular." *See* Response at p.4. In support, Plaintiff through declaration claims that she did not understand the word "perpendicular." *See* D.E. 39-3, Decl. of Plaintiff. This belated attempt to alter her testimony fails upon review of applicable Rules governing deposition testimony. First, any argument of Plaintiff relating to her testimony has been waived under Federal Rule of Civil Procedure 30(e) as she did not timely submit an errata sheet correcting any of her testimony. Fed. R. Civ. P. 30(e) (directing "deponent must be allowed 30 days after being notified by the officer that the [deposition] transcript ... is available in which" to review and make changes to the transcript.) Plaintiff's deposition was June 15, 2021, and at the end of the proceeding, her counsel indicated the transcript would be read. D.E. 39-1, 188:17. Plaintiff and her counsel were further notified by letter dated June 22, 2021, that she had 30 days to read and sign the deposition. *See* D.E. 39-1, p.192. Plaintiff did not review and sign the transcript, thereby waiving her right. *See id.*; Fed. R. Civ. P. 32(d)(4) ("An objection to how the officer transcribed the testimony—or prepared, signed, certified, sealed, endorsed, sent, or otherwise dealt with the deposition—is waived unless a motion to suppress is made promptly after the error or irregularity becomes known or, with reasonable diligence, could have been known.").

Throughout her deposition, Plaintiff made extensive use of hand gestures. *See generally*, D.E. 39-1, Hicks Dep. (revealing 39 separate instances of "(indicating)" noted by the court reporter during the entire deposition). Plaintiff was especially effusive using her hands to recount how the USPS truck "shot out" across traffic, and other details regarding the Accident. *See* D.E. 39-1 at

pp. 63:10-18, 65:7-19, 66:19-22, 71:3-17, 72:1-17, 73:13, 74:6-16, 75:3-6, 82:22, 83:7-12, 84:11-21, 96:11-18, 105:20-23, 106:1-3.[3] Plaintiff confirmed she had no other way to explain what happened aside from using her hands. *See* D.E. 39-1, 71:18-25 – 72:1-9. Again, without the benefit of the video recording of the deposition before the Court upon presentation of a motion like the MSJ here, and aware of the potential ambiguity of Plaintiff's "indicating", undersigned counsel expressly clarified what Plaintiff was indicating with her hands, and she agreed. *See* D.E. 39-1, 71:18-24, 82:23-25 – 83:1-6, 84:17-24. Furthermore, not once did Plaintiff ask for clarification as to any of the words used, and Plaintiff's counsel did not assert a single objection to questions regarding how the Accident occurred. *See generally*, D.E. 39-1, pp. 63-106. Thus, to the extent Plaintiff's counsel is relying on the declaration of Plaintiff to now object to the form of the questions posed, they are waived as none were asserted during the deposition. *See* Fed. R. Civ. P. 30(c)(2) ("An objection at the time of the examination—whether … to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection."); Fed. R. Civ. P. 32(d)(3)(B) ("An objection to an error or irregularity at an oral examination is waived if:(i) it relates to the manner of taking the deposition, the form of a question or answer, the oath or affirmation, a party's conduct, or other matters that might have been corrected at that time; and (ii) it is not timely made during the deposition.").

Plaintiff's next overarching theme in her Response, which falls flat, is that an accident reconstruction expert is not necessary for understanding what happened, claiming it is "[n]onsense" (Response at p.5) and then proceeds to claim that "expert testimony is not needed" for twelve reasons, which are primarily citations to her own testimony at deposition. *See* Response

---

[3] Plaintiff also used gestures in explaining her medical injuries. *See* D.E. 39-1, Hicks Dep. at pp. 33:1-3, 107:7-10, 115:1-2, 122:2, 139:7, 152:11, 153:19. No objections were interposed by her counsel for these questions or gestures either. *See id.*

at pp.6-7.  These citations to Plaintiff's deposition testimony are insufficient as a matter of law to create an issue of material fact, and Plaintiff takes a lax approach in her interpretation of these citations as she stretches the statements made in isolation throughout the Response and Response SMF to somehow fit her narrative.  *See* Response at pp.6-7, and Response SMF ¶¶ 38-59; *Ellis v. England,* 432 F.3d 1321, 1326 (11th Cir. 2005).  Plaintiff has also hinged her success on her unsupported theory that Mr. Hilton was in fear of losing his job and therefore would lie about the Accident.  *See* Response at p.4 ("[Mr. Hilton] certainly would lose his job while serving as new employee had he admitted to making a dangerous U-turn.") and ("Mr. Hilton was not honest about how body moved in the crash.")  Nowhere in his deposition, that Plaintiff attaches wholesale to her Notice, are such statements made by Mr. Hilton.  Furthermore, as outlined in the Reply to the Response SMF, Plaintiff's citations to the record do not support these "facts." *See* D.E. 44, Reply to Response SMF ¶¶ 56-57.

  Plaintiff next attempts a back-door *Daubert* challenge when confronted with the fact that Plaintiff must proceed to trial with unrebutted expert testimony of Defendant's accident reconstruction expert, Dr. Rentschler, who opines that Plaintiff's version of events, i.e. that the USPS truck was making a U-turn, is impossible.  *See* Response at pp.6-7.  This is untimely and improper.  *See, e.g., Vision Power, LLC v. Midnight Express Power Boats, Inc.*, 18-CV-61700, 2020 WL 770547, at *2 (S.D. Fla. Feb. 18, 2020) (rejecting motion in limine to exclude expert references as "the motion is effectively a backdoor *Daubert* challenge").  Furthermore, again as outlined in the in the Reply to the Response SMF, Plaintiff's citations to the record made in an attempt to discredit Dr. Rentschler are, in fact, a mischaracterization of Dr. Rentschler's testimony.  *See* D.E. 44, Reply to Response SMF ¶¶ 63; 65-72; 74-80.  A review of the record evidence instead confirms that judgement in Defendant's favor is proper.

WHEREFORE, Defendant requests this Court enter judgment in its favor on the claim asserted in Plaintiff's First Amended Complaint as well as judgment in its favor on its Counterclaim, and any other such relief it deems just and proper.

Dated: September 14, 2021                Respectfully submitted,

                                         JUAN ANTONIO GONZALEZ
                                         ACTING UNITED STATES ATTORNEY

                                 By:     **Monica L. Haddad**
                                         Monica L. Haddad
                                         Assistant U.S. Attorney
                                         Florida Bar No. 99426
                                         Email: Monica.Haddad@usdoj.gov
                                         U.S. Attorney's Office, Southern District of Florida
                                         500 S. Australian Avenue, Suite 400
                                         West Palm Beach, Florida 33401
                                         Telephone: (561) 209-1004


                                         Mary Beth Ricke
                                         Assistant U.S. Attorney
                                         Florida Bar No. 107213
                                         E-mail: Mary.Ricke@usdoj.gov
                                         500 East Broward Blvd., Suite 700
                                         Fort Lauderdale, Florida 33394
                                         Telephone: (954) 660-5137

                                         *Counsel for Defendant, United States of America*