UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:20-cv-61241-RUIZ

APRIL HICKS,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

**D.E.FENDANT UNITED STATES OF AMERICA'S REPLY TO
PLAINTIFF'S STATEMENT OF MATERIAL FACTS**

Defendant, United States of America, by and through its undersigned Assistant United States Attorney, and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, hereby submits its Reply to Plaintiff's Statement of Material Facts [D.E. 40] as follows:

**I.   Reply to Plaintiff's Additional Facts**

35.   Undisputed, although Plaintiff's citation to the record does not address when the "crash" occurred.

36.   Undisputed.

37.   Undisputed.

38.   Disputed.  Defendant objected to the question and Plaintiff has not overcome this objection.  Furthermore, Mr. Hilton stated that, as he has to deliver packages, where he parked was the safer thing to do than pulling into a driveway so that he did not have to back up.  [D.E. 39-2, 113:1- 114:4]

39.   Undisputed.

40. Disputed. Mr. Hilton testified several times that USPS safety protocols would not allow him to pull into a driveway because he is not allowed to reverse into a street such as 31st Avenue, where the accident occurred.  [D.E. 39-2, 33:18- 35:13]

41. Disputed. Mr. Hilton does not state that Sunday deliveries are "reserved for new drivers" and at the time of the Accident, Mr. Hilton had been delivering packages for USPS for 1.5 years. [D.E. 39-2, 18:3-9]

42. Disputed.  Plaintiff's citation does not support the fact that "Mr. Hilton … was considered a new driver on the date of the crash."  At the time of the Accident, Mr. Hilton had been delivering packages for USPS for 1.5 years. [D.E. 39-2, 18:3-9]

43. Disputed.  Mr. Hilton testified that "for the most part, we do have some kind of time limit to where we're supposed to deliver a certain amount of packages within the hour.  Do I know that, no, I couldn't tell you offhand." [D.E. 39-2, 19:11-20]

44. Disputed. Mr. Hilton testified that he likes to "get in and out of there on Sundays", referring to the start of the day where he goes to the post office to complete preparatory tasks which can take 45 minutes to 1 hour, such as retrieving his "cage" and route for the day before he begins delivering the packages. [D.E. 39-2, 21:20- 22:19]

45. Disputed.  Mr. Hilton testified that he was not making a U-turn when the accident occurred but was parked on the main street in the bike lane.  His vehicle was not on and he had the emergency brake engaged.  He testified that if he were to make a U-turn on 31st Avenue, he would "make a right into the neighborhood to get back out to turn left… I wouldn't do a U-turn in the main street."  Furthermore, the unrebutted expert testimony is that there is no way Mr. Hilton was making a U-turn.  [D.E. 39-2, 36:8-25; 48:2-9; 124:7-20; D.E. 36-1, at ¶6]

46. Disputed. Plaintiff's citation to the record does not address whether Plaintiff had "the right-of-way." [D.E. 39-1, 69:20-24]

47. Disputed. Mr. Hilton did not jump out in front of Plaintiff as his vehicle was stationary and not on when the accident occurred. [D.E. 39-2, 36:8-25; 48:2-9; 124:7-20]

48. Undisputed.

49. Disputed. Mr. Hilton testified that he was "not sure" where his next package needed to be delivered, but if it was where Plaintiff's counsel was indicating on the screen, he would have "turn[ed] around into that side street and come back out and make a left and get onto the main street." [D.E. 39-2, 66:2-6; 68:15-18]

50. Disputed. Plaintiff's citation does not support the fact of where Mr. Hilton was seated and does not support that Mr. Hilton attempted a U-turn from the bike lane. [D.E. 39-2, 36:17-21]

51. Disputed. Plaintiff's citation to the record does not address that Plaintiff was forced to swerve to the "right." [D.E. 39-1, 67:13-18]

52. Disputed. Mr. Hilton testified that Ms. Hicks "ran around his truck" and said to him, "What happened? Were you trying to make a U-turn? What were you trying to do? I don't know what happened." [D.E. 39-2, 51:20- 52:3]

53. Disputed. The vehicles were not "T-boned" as Dr. Rentschler testified that his expert opinion includes that, "[t]hat damage is entirely consistent with an aligned impact. So there's no indication from that damage that there was any signification angulation when the postal truck got struck or the way that the Audi impacted and the damage that was incurred by the Audi as a result of hitting the postal truck was almost directly back along the right side of the vehicle." [D.E. 39-4, 68:12- 69:11]

54. Undisputed.

55. Undisputed.

56. Disputed. Mr. Hilton testified that if he were caught backing out of someone's driveway and someone hit him, he would lose his job. [D.E. 39-2, 118:12-119:24]

57. Disputed. Defendant objected to the question and Plaintiff has not overcome this objection. Furthermore, Plaintiff's citation asked whether Mr. Hilton has "ever had a conversation with a supervisor regarding parking on somebody's driveway" and does not address the purported fact that, "[n]obody at USPS has ever advised Mr. Hilton that he could not park on a person's driveway." Mr. Hilton testified that he is not permitted to park in someone's driveway and then have to back out of the driveway. [D.E. 39-2, 118:12-119:24]

58. Disputed. Mr. Hilton also described his body movement as "whiplash." [D.E. 39-2, 58:21-59:2]

59. Disputed. Defendant objected to these questions and Plaintiff has not overcome these objections. Furthermore, Mr. Hilton also described his body movement as "whiplash." [D.E. 39-2, 58:21-59:2]

60. Disputed. Plaintiff's citation to the record concerns Dr. Rentschler's testimony about body movement in rear end collisions in general. When specifically asked regarding Mr. Hilton's testimony, Dr. Rentschler testified that, "[m]any times many cases I'm involved in people describe their kinematics which are opposite or completely wrong compared to what would happen during the actual impact." [D.E. 39-4, 25:17-26:12; 100:1-7]

61. Undisputed.

62. Undisputed.

63. Disputed. Dr. Rentschler considered the two alternative scenarios based on what Plaintiff described in her deposition testimony, where "the first scenario was the vehicle coming out from the right side of the roadway and the second was a U-turn with the vehicle in the midst of making the turn so that it was perpendicular according to how Ms. Hicks described the vehicle being." [D.E. 39-4, 50:22-51:5]

64. Undisputed.

65. Disputed. Dr. Rentschler testified that he considered multiple things including, "the distance, the travel distance post-impact from where it occurred to where the vehicles ended up and again, looking at the rotation of the vehicle as a result of that impact and how the impact would occur, the profiles on the vehicles themselves … I think that's consistent with very little angulation based on the actual dimensions of the roadway and the profile of the vehicles themselves." [D.E. 39-4, 55:9-56:17]

66. Disputed. Plaintiff's citation to the record does not support the fact that Dr. Rentschler testified that Mr. Hilton's USPS vehicle could have been turning in a "U-turn." [D.E. 39-4, 53:4-20; 54:24-55:8]

67. Disputed. Plaintiff's statement mischaracterizes Dr. Rentschler's testimony and Plaintiff's citation includes other items Dr. Rentschler considered in reaching his opinions in this case. [D.E. 39-4, 55:9-17; 59:4-8]

68. Disputed. Plaintiff's statement mischaracterizes Dr. Rentschler's testimony as reflected in the testimony included in Plaintiff's citation. [D.E. 39-4, 59:9-60:2]

69. Disputed. Plaintiff's statement mischaracterizes Dr. Rentschler's testimony as reflected in the testimony included in Plaintiff's citation. [D.E. 39-4, 66:23-67:8]

70. Disputed. Plaintiff's statement mischaracterizes Dr. Rentschler's testimony as reflected in the testimony included in Plaintiff's citation. [D.E. 39-4, 67:22-70:17]

71. Disputed. Plaintiff's statement mischaracterizes Dr. Rentschler's testimony as reflected in the testimony included in Plaintiff's citation. [D.E. 39-4, 73:14-75:12]

72. Disputed. Plaintiff's statement mischaracterizes Dr. Rentschler's testimony as reflected in the testimony included in Plaintiff's citation. [D.E. 39-4, 78:4-22]

73. Undisputed.

74. Disputed. Plaintiff's statement mischaracterizes Dr. Rentschler's testimony as reflected in the testimony included in Plaintiff's citation. [D.E. 39-4, 79:22-80:11]

75. Disputed. Plaintiff's statement mischaracterizes Dr. Rentschler's testimony as reflected in the testimony included in Plaintiff's citation. [D.E. 39-4, 87:20- 91:8]

76. Disputed. Plaintiff's statement mischaracterizes Dr. Rentschler's testimony as reflected in the testimony included in Plaintiff's citation. [D.E. 39-4, 94:15-21]

77. Disputed. Plaintiff's statement mischaracterizes Dr. Rentschler's testimony as reflected in the testimony included in Plaintiff's citation. [D.E. 39-4, 97:4-98:22]. Furthermore, Defendant objected to several of these questions and Plaintiff has not overcome these objections.

78. Disputed. Plaintiff's statement mischaracterizes Dr. Rentschler's testimony as reflected in the testimony included in Plaintiff's citation. [D.E. 39-4, 11:13-25; 102:20-103:4] Furthermore, Dr. Rentschler testified that, regarding Mr. Hilton's testimony, "[m]any times many cases I'm involved in people describe their kinematics which are opposite or completely wrong compared to what would happen during the actual impact." [D.E. 39-4, 25:17- 26:12; 100:1-7]

79. Disputed. Plaintiff's statement mischaracterizes Dr. Rentschler's testimony as reflected in the testimony included in Plaintiff's citation. Furthermore, elsewhere in the deposition

omitted by Plaintiff, Dr. Rentschler discusses the literature and publications referenced in his Report regarding the methodology he used to form his opinions. [D.E. 39-4, 14:9-19; 69:12-70:17; 88:10- 90:22]

80. Disputed. Plaintiff's statement mischaracterizes Dr. Rentschler's testimony as reflected in the testimony included in Plaintiff's citation. [D.E. 39-4, 54:24- 55:8; 97:14-21]

Dated: September 14, 2021

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

By:  **Monica L. Haddad**
Monica L. Haddad
Assistant U.S. Attorney
Florida Bar No. 99426
Email: Monica.Haddad@usdoj.gov
U.S. Attorney's Office, Southern District of Florida
500 S. Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Telephone: (561) 209-1004

Mary Beth Ricke
Assistant U.S. Attorney
Florida Bar No. 107213
E-mail: Mary.Ricke@usdoj.gov
500 East Broward Blvd., Suite 700
Fort Lauderdale, Florida 33394
Telephone: (954) 660-5137

*Counsel for Defendant, United States of America*