UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-61241-RAR

**APRIL HICKS**,

    Plaintiff,

v.

**UNITED STATES OF AMERICA**,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court upon Defendant's Motion for Summary Judgment [ECF No. 34] ("Motion"), filed on August 24, 2021. Defendant United States of America asserts it is entitled to summary judgment on Plaintiff April Hicks's claims under the Federal Tort Claims Act ("FTCA") arising from an automobile accident between Plaintiff and a United States Postal Service ("USPS") delivery vehicle. Having considered the Motion, Plaintiff's Response [ECF No. 41], Defendant's Reply [ECF No. 43], the parties' Statements of Material Facts [ECF Nos. 35, 40, 44], the record, and applicable case law, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion [ECF No. 34] is **DENIED** as set forth herein.

## BACKGROUND

This case arises from an automobile accident between Plaintiff and a USPS mail delivery vehicle that occurred on June 24, 2018, on 31st Avenue in Lauderhill, Florida. Mot. at 1. Plaintiff alleges that Defendant's vehicle pulled into a U-turn directly in front of her vehicle from its position alongside the road, causing Plaintiff to collide into the rear corner of the vehicle. *Id.*

Defendant maintains that Plaintiff collided with a stationary USPS vehicle parked alongside the road. *Id.* Defendant has filed a counterclaim against Plaintiff to recover in negligence for the damage to Defendant's vehicle and has moved for summary judgment in its favor. *Id.* Plaintiff relies mainly on her own testimony and that of the USPS driver, and Defendant proffers testimony from an accident reconstruction expert. *See generally* Mot.; Response. The record also includes photographs from the scene of the accident. *See* Mot. at 5. Because the parties' competing evidence raises genuine issues of material fact, the Court must deny Defendant's Motion for Summary Judgment.

## **LEGAL STANDARD**

Summary judgment is rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a), (c). An issue of fact is "material" if it might affect the outcome of the case under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). It is "genuine" if the evidence could lead a reasonable factfinder to find for the non-moving party. *See id.*; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). At summary judgment, the moving party bears the burden of proving the absence of a genuine issue of material fact, and all factual inferences are drawn in favor of the non-moving party. *See Allen v. Tyson Foods Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

If there are any factual issues, summary judgment must be denied, and the case proceeds to trial. *See Whelan v. Royal Caribbean Cruises Ltd.*, No. 12-22481, 2013 WL 5583970, at *2 (S.D. Fla. Aug. 14, 2013). Furthermore, when the parties "agree on the basic facts, but disagree about the inferences that should be drawn from these facts[,]" summary judgment "may be inappropriate." *Id.* (citation omitted).

## ANALYSIS

Factual disputes abound in traffic accidents. Two drivers involved in an accident seldom recount identical versions of what happened. Consequently, cases arising from motor vehicle accidents are rarely ripe for summary judgment. In this case, Plaintiff offers sufficient evidence for a reasonable factfinder to conclude that her version prevails, so summary judgment must be denied.

Defendant advances several arguments in an effort to establish the absence of a disputed issue of material fact, all of which are unavailing. First, Defendant accurately "anticipates that Plaintiff will argue . . . that her own testimony . . . creates an issue of fact" and correctly notes that a court "normally . . . should not take the credibility of witnesses into consideration at the summary judgment stage." Mot. at 5. But Defendant then jumps to the conclusion that summary judgment is appropriate here because Plaintiff's testimony has been "utterly discredited by unrebutted record evidence." *Id.* Defendant bases this conclusion on *Scott v. Harris*, 550 U.S. 372 (2007), a Supreme Court case that stands on facts strikingly divergent from those found here. The "unrebutted record evidence" in *Scott* was raw dashboard footage of the accident in question. *Scott*, 550 U.S. at 378. There is no such evidence here. Instead, what Defendant calls "unrebutted record evidence" is a photograph of the scene after the accident—which, as Plaintiff notes, is inconclusive, Response at 6—and the expert testimony of Defendant's accident reconstruction expert. Mot. at 7. This evidence is not analogous to raw footage taken in real time. Plaintiff's testimony, therefore, is sufficient to create an issue of fact, and the Court will not consider its credibility at this stage of the proceedings.

Second, as suggested above, Defendant makes too much of the fact that its expert testimony is unrebutted. Mot. at 7–8. Defendant cites *Hawthorne v. United States*, No. 18-80508, 2019 WL

1466741 (S.D. Fla. Feb. 21, 2019), for the proposition that "Plaintiff has failed to overcome Defendant's showing, and judgment must be entered in favor of Defendant." Mot. at 8. But unlike this case, *Hawthorne* required expert testimony on both sides to establish a record as to the standard of care in medical malpractice cases. *Hawthorne*, 2019 WL 1466741 at *4–5. However helpful an expert may be to Plaintiff's case, accident reconstruction is not an area requiring expert testimony on a professional standard of care or any other matter. Plaintiff's lack of expert testimony, therefore, is not fatal to her case at summary judgment.

Defendant's final argument is self-defeating. Defendant cites *Furry v. United States*, 712 F.3d 988 (7th Cir. 2013) to support its contention that "Plaintiff is unable to establish a breach of duty and therefore, judgment must be entered in favor of Defendant." Mot. at 8. The Court acknowledges certain similarities between this case and *Furry*, which likewise featured an accident involving a USPS vehicle. *See generally Furry*, 712 F.3d 988. The *Furry* Court found that the plaintiffs, who failed to employ an accident reconstruction expert, did not establish a breach of duty and thus ruled in favor of the government. *Furry*, 712 F.3d at 991–92. But these findings were made *by the factfinder at trial*. *See id.* The Court cannot consider the relative merits or credibility of the parties' testimony or witnesses at the summary judgment phase.[1]

Plaintiff provides ample testimony to show genuine issues of material fact in this case. For example, Plaintiff alleges that the USPS truck, upon impact, was at a slight angle relative to the alignment of the road, noting that Defendant's expert considered only 0- and 90-degree scenarios in his simulation. Response at 6. Plaintiff also points to inconsistencies in the testimony of the

---

[1] The Court also notes that in *Furry*, neither plaintiff witnessed the collision, so they could provide no firsthand testimony. *Furry*, 712 F.3d at 989–90. Here, of course, Plaintiff saw the collision from a very close distance.

USPS driver (i.e., the reaction of the driver's head to the force of the impact) that a reasonable factfinder could find to favor Plaintiff.  *Id.* at 7.  Therefore, summary judgment is inappropriate.

## CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion [ECF No. 34] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 16th day of November, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**